# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY JAMES FORSYTHE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:10-CV-00253-KJD-(GWF)

**ORDER**

       Before the court are respondents' motion to dismiss (#15) and petitioner's opposition (#21). The court finds that petitioner has exhausted his available state-court remedies for the grounds that respondents contend are unexhausted, and the court denies the motion.

       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

       "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that

applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner was charged with stealing $20 from an undercover police officer. Petitioner agreed to plead guilty to attempted larceny from a person. For the value of the property involved, larceny from the person is a category C felony. Nev. Rev. Stat. § 205.270(1)(a). An attempt to commit a category C felony is punished either as a category D felony or as a gross misdemeanor. Nev. Rev. Stat. § 193.330(1)(a)(5). The trial judge treated the crime as a felony and sentenced petitioner to a maximum term of 48 months in prison, with a minimum parole eligibility after 19 months. Ex. 7 (#15). Petitioner did not appeal the judgment of conviction.

Petitioner then filed in state court a habeas corpus petition. Ex. 8 (#15). The district court denied the petition. Ex. 9 (#15). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 10 (#15).

Petitioner then commenced this action. The court found defects in the original petition (#1). Petitioner filed an amended petition (#7). Petitioner omitted two grounds in the amended petition, but he kept the same numbering scheme as the original petition. Consequently, the amended petition contains three grounds for relief, numbered 1, 4, and 5.

Respondents argue that two parts of ground 1, a claim of ineffective assistance of counsel, are not exhausted. First is an allegation that counsel should have challenged an affidavit in the police report because it was the second-hand testimony of a supervisor, and there was no audio recording or video recording of the event. Furthermore, petitioner alleges, the description of the event is consistent with cases in which the Nevada Supreme Court determined that the defendants were entrapped. At pp. 5-7 of petitioner's state habeas corpus petition, he complains about the police affidavit with a synopsis of the event that is similar to cases in which the Nevada Supreme Court had determined that the defendants were entrapped. See Ex. 8 (#15). This part of ground 1 is exhausted.

Next in ground 1 is an allegation that counsel was not present at sentencing, and after petitioner was sentenced she did not respond to his efforts to contact her. At p. 9 of petitioner's state habeas corpus petition, he complains that counsel did not address errors in the pre-sentence investigation report because she did not show up for sentencing. See Ex. 8 (#15). This part of ground 1 is exhausted.

Respondents next argue that ground 4 is not exhausted. Petitioner styles ground 4 as a claim that the Equal Protection Clause of the Fourteenth Amendment was violated because petitioner was promised to be sentenced for a gross misdemeanor, and he did not receive the benefit of the bargain. The body of the ground shows that this is a claim that counsel was ineffective, and that his plea was unknowing and involuntary, because counsel failed to ensure that petitioner was sentenced for a gross misdemeanor. The Nevada Supreme Court addressed this claim in the paragraph starting "Sixth," at p. 6 of its order of affirmance. See Ex. 10 (#15). Ground 4 is exhausted.

Respondents argue that ground 5 is not exhausted. Petitioner styles ground 5 as a claim that the Due Process Clause of the Fourteenth Amendment was violated because counsel advised petitioner to plead guilty, when exculpatory evidence existed and when petitioner had rendered substantial assistance to the police in another crime. Actually, this is a claim that counsel provided ineffective assistance. The Nevada Supreme Court addressed this claim in the paragraph starting "Fifth," at pp. 5-6 of its order of affirmance. See Ex. 10 (#15). Ground 5 is exhausted.

Petitioner has submitted a motion to impeach the motion to dismiss (#19). This motion is moot because the court is denying the motion to dismiss (#15).

Petitioner has submitted a motion for appointment of counsel (#14). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not

separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the amended petition (#7), the court finds that the appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (#14) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to impeach the motion to dismiss (#19) is **DENIED** as moot.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#15) is **DENIED**.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: January 31, 2011

_____
KENT J. DAWSON
United States District Judge