# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY JAMES FORSYTHE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:10-CV-00253-KJD-(GWF)

**ORDER**

        Petitioner has submitted a motion for default (#27). The motion has two defects. First, default judgment does not exist in federal habeas corpus. <u>Gordon v. Duran</u>, 895 F.2d 612 (9th Cir. 1990). Second, respondents timely filed their answer (#26). The court denies the motion for default (#27).

        Petitioner also has filed a petition for a writ of certiorari, addressed to the United States Court of Appeals for the Ninth Circuit, which he asks to be construed in this court as a notice of appeal (#28). Accompanying the notice of appeal is an application to proceed <u>in forma pauperis</u> on appeal (#29). Also in the docket is a motion for certificate of appealability (#31).[1] Petitioner must be pursuing an interlocutory appeal because the court has not entered a final order in this action. The only order within the thirty-day period to appeal is the court's order (#25) of January 31, 2011. That order denied respondents' motion to dismiss (#15); in other words, petitioner is

---

[1] There is no document associated with this docket entry. The clerk might have created the docket entry as a placeholder.

appealing a decision in his favor.  The court cannot determine from its order (#25) any appealable issues for petitioner, and the court will not issue a certificate of appealability.  Furthermore, because petitioner is appealing a decision in his favor, the appeal is not taken in good faith, and the court will not grant petitioner leave to proceed <u>in forma pauperis</u> on appeal.  <u>See</u> 28 U.S.C. § 1915(a)(3).

Petitioner has violated the court's rules, because the notice of appeal (#28) contains a false statement.  Petitioner states, with emphasis added:

> In the first case, listed 2:10-cv-00253-KJD-GWF, Judge Kent Dawson just answered and denied the A/G's request for dismissal.  The A/G falsely requested dismissal under "mixed petition" of both exhausted and unexhausted claims.
>
> Judge Dawson further ruled all grounds were in fact exhausted <u>and there was also ineffective assistance of counsel, exculpatory evidence not presented and petitioner did not receive the benefit of his bargain</u>.

Notice of appeal (#28), p. 5.  When the court denied respondents' motion to dismiss (#15), it stated only that petitioner had exhausted his available remedies in the state courts.  The court did not rule that petitioner had received ineffective assistance of counsel, the court did not rule that the prosecution had withheld exculpatory evidence, and the court did not rule that petitioner did not receive the benefit of his plea agreement.  <u>See</u> Order (#25).  Petitioner is representing falsely the ruling of this court, in violation of Rule 11(b) of the Federal Rules of Civil Procedure.  If petitioner continues to make false statements in documents that he presents to the court, then the court will sanction petitioner in accordance with Rule 11(c) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that petitioner's motion for default (#27) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's application to proceed <u>in forma pauperis</u> on appeal (#29) is **DENIED**.

IT IS FURTHER ORDERED that the motion for certificate of appealability (#31) is **DENIED**.

DATED:  March 31, 2011

_____
KENT J. DAWSON
United States District Judge